IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT HAMMOND,

    Plaintiff,                                 Case No.:

v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL 1408 and
JACKSONVILLE MARITIME
ASSOCIATION, INC.

    Defendants.
_____/

## COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Robert Hammond, by and through his undersigned attorneys, and files this Complaint and Demand for Jury Trial against Defendants International Longshoremen's Association, Local 1408 ("Local 1408 ") and Jacksonville Maritime Association, Inc. ("JMA"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This action is brought pursuant to Section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185.

2. Plaintiff is a resident of the State of Florida.

3. Defendant International Longshoremen's Association, Local 1408 ("Local 1408") is a labor organization representing employees as the term is defined by 29 U.S.C. § 152.

4. Defendant Jacksonville Maritime Association, Inc. is a Florida corporation headquartered and operating in Jacksonville, Florida.

5. The actions alleged in this Complaint took place within Jacksonville, Florida.

6. This Court has subject matter jurisdiction over the federal claims alleged in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 29 U.S.C. § 185.

7. Venue is therefore proper in this Court.

## FACTUAL ALLEGATIONS

8. Prior to the incidents alleged in Plaintiff's Complaint, Defendants JMA and Local 1408 entered into a collective bargaining agreement ("CBA") covering employees in the bargaining agreement, including Plaintiff.

9. The CBA was in force during all relevant time periods material hereto.

10. The CBA was entered into by Defendants for the benefit of the employees in the bargaining unit.

11. Pursuant to the CBA, the Defendants entered into the Jacksonville M&R (Maintenance and Repair) (the "Seniority Plan"), Ex. A, which is deemed part of the CBA.

12. At all times material hereto, Plaintiff was employed by Defendant JMA and was a dues-paying member in good standing of Defendant Local 1408.

13. Plaintiff, as a member of the bargaining unit, is entitled to the benefit of the CBA and the Seniority Plan which was promulgated to have effect through the CBA.

14. The Seniority Plan provides that seniority is "tenure of employment as a mechanic in the longshore industry, exclusively." Ex. A at § 1.

15. Beginning in 2004, Plaintiff became employed under the CBA.

16. In 2004, Plaintiff attained port wide seniority "upon completing [his] first full 8 hours of employment" under the Seniority Plan. Ex. A at § 1.2.

17. Upon undertaking employment with Defendant JMA, Plaintiff became a dues-paying member of Defendant Local 1408.

18. In 2004, Plaintiff left his position with Defendant JMA.

19. In 2018, Plaintiff returned to employment under the CBA.

20. Pursuant to the CBA, after no more than six months of re-employment, Plaintiff was entitled to integrate his 2008 port wide seniority into the existing seniority list. Ex. B at Art. III, Sec. 2.

21. Plaintiff discovered that he was not provided with seniority for his employment in 2004 nor for his employment from 2018 through the present.

22. If Plaintiff were credited with the years of service to which he is entitled pursuant to the Seniority Plan, Plaintiff would have been hired for a considerable number of additional hours of work than an employee who had just qualified in 2023.

23. When Plaintiff was not afforded his correct seniority under the Seniority Plan, he submitted a grievance with the ILA to adjust his seniority to provide him with credit for his broken years of service.

24. Through their representatives, Defendant ILA refused to appropriately adjust Plaintiff's seniority and instead deferred the decision to its counsel. To date, no decision has been rendered regarding Plaintiff's grievance.

25. Defendant JMA failed to provide Plaintiff with the benefits of employment to which he is entitled based on his seniority under the Seniority Plan.

26. Defendant Local 1408 failed to provide Plaintiff with the benefits of his union membership when it failed to represent him in seeking his rights under the Seniority Plan.

27. Defendants have failed to provide any determination in response to Plaintiff's grievance, thereby continuing to deprive him of his rights under the CBA and the Seniority Plan, effectively denying the grievance.

28. Plaintiff has exhausted his administrative prerequisites to filing suit.

## COUNT I – BREACH OF THE DUTY OF FAIR REPRESENTATION AGAINST DEFENDANT LOCAL 1408

29. Plaintiff realleges and incorporates herein paragraphs 1-28 above.

30. This is an action for damages and injunctive relief brought pursuant to Section 301 of the Labor and Management Relations Act, 29 U.S.C. § 185.

31. Defendant Local 1408's denial of Plaintiff's grievance is inconsistent with and violates the terms of the Seniority Plan.

32. Defendant Local 1408's conduct was in bad faith, wanton, vexatious, or oppressive, as evidenced by its failure to represent Plaintiff regarding his rights under the Seniority Plan's clear language and the absence of any legitimate reason for Local 1408's denial of those seniority rights.

33. By its actions, specifically, denying Plaintiff's earned seniority and its refusal to represent Plaintiff and his seniority rights to Defendant JMA, Defendant Local 1408 has engaged in conduct that is arbitrary, capricious, and in bad faith.

34. Defendant Local 1408 has therefore breached its duty of fair representation to Plaintiff as a member of the bargaining unit.

35. As a result of Defendant Local 1408's actions, Plaintiff has suffered grievous and extensive damages, including but not limited to loss of past and future wages and other recoverable damages.

### COUNT II – BREACH OF THE CBA BY DEFENDANT JMA

36. Plaintiff realleges and incorporates herein paragraphs 1-28 above.

37. This is an action for damages and injunctive relief brought pursuant to Section 301 of the Labor and Management Relations Act, 29 U.S.C. § 185.

38. Defendant JMA's failure to recognize Plaintiff's credited years preceding his break in service is inconsistent with and violates the terms of the Seniority Plan, promulgated pursuant to the CBA.

39. Defendant JMA's conduct was in bad faith, wanton, vexatious, or oppressive, as evidenced by its violation of the Seniority Plan's clear language entitling Plaintiff to seniority for his contract years preceding his break in service and the absence of any legitimate reason for JMA's denial of those seniority rights.

40. By its actions, specifically, failing to recognize and credit Plaintiff for his credited service preceding his break in service, as required by the Seniority Plan, Defendant has breached the terms of the CBA.

41. As a result of Defendant's actions, Plaintiff has suffered grievous and extensive damages, including but not limited to loss of past and future wages and other recoverable damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for all legal and equitable relief as provided by law, including, but not limited to:

a. An order declaring Plaintiff's proper seniority, and directing the Defendants to reinstate Plaintiff's appropriate seniority;

b. Back pay for lost wages and benefits that Plaintiff would have earned had his seniority rights been properly applied;

c. Front pay for lost wages and benefits that Plaintiff would have earned had his seniority rights been properly applied;

d. Compensatory damages for emotional distress, mental anguish, pain and suffering, inconvenience, and humiliation;

e. Punitive damages;

f. Recovery of Plaintiff's attorneys' fees, costs, and litigation expenses;

g. An order enjoining Defendants from engaging in unlawful employment practices;

h. Prejudgment and post judgment interest; and

i. All other such general or equitable relief as appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

**DELEGAL & POINDEXTER P.A.**

/s/ T.A. "Tad" Delegal, III.
**T.A. "Tad" Delegal, III**
FL Bar No. 0892701
Email: tad@delegal.net
424 East Monroe Street

Jacksonville, FL 32202
Phone (904) 633-5000
Facsimile (904) 358-2850
*Lead Counsel for Plaintiff*