# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT HAMMOND,

      Plaintiff,

vs.    Case No.  3:23-cv-1450-MMH-LLL

INTERNATIONAL
LONGSHOREMEN'S
ASSOCIATION, LOCAL 1408,
et al.,

      Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Upon review of Plaintiff's Motion to Amend Judgment and for Leave to Amend Complaint (Doc. 47; Motion), the Court finds that Plaintiff has failed to properly redact Exhibit E as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Under Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;

>> (2) the year of the individual's birth;
>> (3) the minor's initials; and
>> (4) the last four digits of the financial-account number.

See Rule 5.2(a); see also CM/ECF Admin. P., Part I. Here, Exhibit E includes the full birth date and twice includes the social security number of one individual in direct violation of this Rule. See Exhibit E at 2-3.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. See CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court."). Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." Id. Consequently, the Court will strike Exhibit E (Doc. 47-6) and direct Plaintiff to file a properly redacted version of this exhibit. The Court will also direct defense counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken

to protect personal identifying information <u>before</u> it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely. As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions. Accordingly, it is

**ORDERED**:

1. Exhibit E (Doc. 47-6) is **STRICKEN**, and the Clerk of the Court is directed to **remove** this document from the Court docket.
2. Plaintiff shall have up to and including **November 8, 2024**, to file a properly redacted copy of this exhibit.

(*remainder of page intentionally left blank*)

3. On or before **November 8, 2024**, plaintiff's counsel shall file a notice on the Court docket certifying that: 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on October 30, 2024.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc33
Copies to:

Counsel of Record

- 4 -